Avraham C. Moskowitz, Esq. (AM 8913
amoskowitz@mb-llp.com
MOSKOWITZ & BOOK, LLP
345 Seventh Avenue, 21st Floor
New York, New York 10001
(212) 221-7999

Attorneys for Defendant Kirk Lacey

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>KIRK LACEY, et al.,"<br><br>                              Defendants. | **ECF CASE**<br><br>S1 09 Cr. 507 (KMW) |

**SENTENCING MEMORANDUM**

# M&B

## MOSKOWITZ & BOOK, LLP

345 7TH AVENUE, 21ST FLOOR
NEW YORK, NEW YORK 10001

TELEPHONE (212) 221-7999
FACSIMILE (212) 398-8835
WWW.MB-LLP.COM

May 26, 2011

Hon. Kimba M. Wood
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

   Re:  United States v. Kirk Lacey
       09 Crim. 507 (KMW)

Dear Judge Wood:

  This letter is respectfully submitted jointly, on behalf of all of the defendants, in response to the Government's sentencing submission in which it defends the Probation Department's calculation of the loss amount, despite the fact that it did not provide the defendants with credit against the actual or intended loss based on the current value of the collateral, as required by the Sentencing Guidelines and the Second Circuit's decision in United States v. Turk, 626 F.2d 743 (2d Cir. 2010).

  The Government's argument and the formula used by the Probation Department to calculate the loss amount in this case simply ignore the plain unambiguous language of Application Note 3(E)(ii) to Section 2B.1.1 of the Sentencing Guidelines, which provides as follows:

> (E)  Credits Against Loss- Loss shall be reduced by the following: . . .
>
>   (ii)  In a case involving collateral pledged or otherwise provided by the defendant, the amount the victim has recovered at the time of sentencing from disposition of the collateral, or if the collateral has not been disposed of by that time, <u>the fair market value of the collateral at the time of sentencing</u>. (emphasis added).

  It is indisputable, based on the above-quoted language, that the defendants are entitled to a credit against the loss amount for the <u>current</u> fair market value of the properties at issue,

Hon. Kimba M. Wood
May 26, 2011
Page 2

because the banks apparently have not resold the properties as of yet. Given the plain language of the Application Note, the Government, which has the burden of proving the loss amount for sentencing purposes, should have obtained current appraisals of the properties, so that the loss amount could be correctly calculated. Its failure to do so does not give it the right to employ a formula for calculating loss different than the one set forth in the Sentencing Guidelines. There is no legal basis for use of the formula adopted by the Probation Department and defended by the Government, which provides the defendants with a credit based on the price at which the properties were sold, at short sales, several years ago.

Recognizing the weakness of its position, the Government argues that the loss amount calculated by the Probation Department may not reflect the actual loss but is a reasonable estimation of the intended loss. That argument, too, is erroneous. The mortgages at issue, while obtained based on applications that fraudulently overstated the buyer's income and assets, were based on appraisals that were valid at the time and which reflected that the value of the properties exceeded the face amount of the mortgages. See e.g., Govt Exhibits 119, 305, 429. The evidence at trial established that the banks reviewed the appraisals submitted and found them acceptable. The Government did not submit any evidence, nor did it argue at trial, that the appraisals submitted to the banks were fraudulent. The loan to value ratio ("LTV") of the properties at issue, according to the documents introduced into evidence by the Government, ranged from 80%-95%. See e.g., Govt Exhibits 120, 304, 416. In no instance did the LTV exceed 100%. As a result, at the time of the fraud, the loans were fully collateralized and the defendants had no reason to believe that the banks would suffer any loss, especially if the loans went into default immediately. In light of those facts, if the Court chooses to focus on the loss intended by the defendants, the loss amount should be zero.

In light of the above, it is respectfully submitted that the Government and the Probation Department have failed to provide the Court with sufficient information to calculate the actual loss suffered by the banks in this case. Moreover, as discussed above, the loans at issue were fully collateralized when made and thus, there was no intended loss. Accordingly, the only choice left to the Court under the Guidelines is to use the gain obtained by the defendant as a result of the offense. In this case, the evidence established that Kirk Lacey's gain from the scheme was a paltry $15,000 and therefore four points should be added to his base offense level, rather than the fourteen points suggested by the Probation Department and the Government.

Finally, should the Court be inclined to reject the defendants' arguments, it is respectfully requested that the Court adjourn the sentencing and authorize the defendants to retain an independent real estate appraiser to determine the current fair market value of the properties. Only when provided with that critical piece of information will the Court be able to calculate the correct loss amount and offense level to use in determining the defendants' sentences.

Hon. Kimba M. Wood
May 26, 2011
Page 3

        Thank you in advance for your consideration of this letter.

                                      Respectfully submitted,

                                      Avraham C. Moskowitz

ACM:bgb

cc:    All Counsel of Record (by e-mail)