# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

USDS SDNY
*Southern District of New York*
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/23

July 7, 2023

**BY ECF**

Honorable Kimba M. Wood
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 26A
New York, New York 10007

**MEMO ENDORSED**

Re:   **United States v. Lavette Bills**
      **09 CR 0507-KMW-1**

Dear Judge Wood:

Lavette Bills has successfully completed approximately four years of her five-year term of

supervised release.  Her performance during this period has been so extraordinary in fact that she

was placed on the low-intensity caseload -- which requires minimal reporting requirements -- back

on December 22, 2020.  There is no clearer indicator that a defendant has maximized their potential

on supervision than placement on the low-intensity caseload.  In other words, the need for further

supervision in Ms. Bills' case has undoubtedly run its course.   For this reason, Ms. Bills

respectfully moves the Court for an Order terminating the remaining term of her supervised

release.[1]

*Granted*

---

[1] Undersigned counsel has reached out to both probation and the government to get their position
on early termination.  Probation has no objection to early termination and all four AUSA's listed
on the Court Docket are no longer serving in their positions and thus could not be reached.

Case 1:09-cr-00507-KMW   Document 354   Filed 07/11/23   Page 2 of 6
Case 1:09-cr-00507-KMW   Document 353   Filed 07/07/23   Page 2 of 6

Page 2

## I.   **Background**

On December 16, 2013, Ms. Bills was sentenced to three-years imprisonment followed by five years of supervised release for various fraud-related offenses. Dkt. 320. The Court, however, delayed Ms. Bills' self-surrender date until September 5, 2017, so she could finish raising her teenage daughter and see her off to college. Dkt. 345. Ms. Bills is grateful for the Court's generosity and is happy to report that her daughter went on to graduate from Manhattan College in 2021 and is working as a production assistant within the film industry. Furthermore, Ms. Bills was home in time to attend her daughter's graduation.

Ms. Bills commenced her five-year term of supervised release back in 2019. And for the past four years, she has demonstrated full compliance with the terms of her release. Her performance has been so exceptional that she was placed on the low-intensity caseload on December 22, 2020 -- nearly three years ago. Ms. Bills' probation officer reports that she is doing well on supervision and that her only requirement is to submit monthly reports online.

At age 51, the regretful decisions that led to the criminal charges in this case are now well behind Ms. Bills. Since being released in 2019, Ms. Bills has continued to spearhead the William L. Carter Foundation, which is named after her late husband, who passed away in 2016.[2] Through this Foundation, Ms. Bills and her team aim to close the achievement gap within minority communities by equipping students with mentors and getting them plugged into community service opportunities. Community service is a real passion of Ms. Bills, who herself has spent much of her time volunteering for various organizations, such as Sisters of Life, Mentoring USA, and Life Project for Africa, where she helped fundraise to build a hospital in Tanzania.

---

[2] https://williamlcarter.com/

Case 1:09-cr-00507-KMW   Document 354   Filed 07/11/23   Page 3 of 6
Case 1:09-cr-00507-KMW   Document 353   Filed 07/07/23   Page 3 of 6

Page 3

Additionally, Ms. Bills is heavily involved in her church community. Her faith is an integral part of her identity. So much so that her church is sponsoring her to take a trip to the Vatican in September 2023. For Ms. Bills, this trip represents much more than a sightseeing tour. Rather, she views this trip as a spiritual pilgrimage, where she hopes to find healing for several deaths in her family. The prospect of this trip is a big catalyst for her seeking early termination of supervised release.

Aside from her community work, Ms. Bills has worked hard to rehabilitate herself and get her life back on track. To that end, she has completed courses through the Hope Program, which is aimed at empowering New Yorkers to build sustainable futures through comprehensive training, jobs, advancement, and lifelong career support. *See* Exhibit 1 (Certificates of Completion). And since her release from custody, she has served as a caretaker for an individual that she lives with full-time in the Bronx, NY.

Ms. Bills is ready and equipped to leave her past behind and move forward with her life. She hopes to spend more time with her six grandchildren and have more flexibility to travel to support her son, whose family is struggling with medical issues. Considering the extremely limited role that probation is playing in Ms. Bills' life, she respectfully asks the Court to terminate the remaining term of her supervision.

## II.   The Court has Discretion to Terminate Supervision Early

The decision whether to grant early termination of supervised release lies in the discretion of the district court. *See United States v. Sheckley*, 1997 WL 701370, at *1 (2d Cir. 1997) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Under 18 U.S.C. § 3583(e), the Court must first consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a), including the

Case 1:09-cr-00507-KMW   Document 354   Filed 07/11/23   Page 4 of 6
Case 1:09-cr-00507-KMW   Document 353   Filed 07/07/23   Page 4 of 6

Page 4

nature and circumstances of the offense, the history and characteristics of the defendant, and the need for deterrence and rehabilitation. After considering the sentencing factors, the Court may terminate supervision at any time after the expiration of one year, "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Notably, the United States Sentencing Guidelines encourage courts to exercise their authority to terminate supervised release early in appropriate cases. *See* U.S.S.G. § 5D1.2, cmt. (n.5). Appropriate cases for early termination include those in which a defendant demonstrates a change in circumstances or exceptionally good behavior that renders a previously imposed supervision term unduly harsh or inappropriately tailored. *See Lussier*, 104 F.3d at 36.

### III.    No Further Supervision is Warranted in this Case

As stated at the outset, the need for further supervision in this case has run its course. Due to Ms. Bills' exceptionally good behavior while on supervised release, she was transferred to the low-intensity caseload, sending a clear signal that there is a belief on the part of the probation office that Ms. Bills is no longer in need of the resources that their office can provide. *See United States v. Trotter*, 321 F. Supp. 3d 337, 364 (E.D.N.Y. 2018) ("A Low Intensity Unit' was created in this district to reduce burdens for some. One of the goals of this program is to permit supervision officers to focus their time and efforts on . . . cases in need of closer supervision, while relieving them of cases that require little supervision. . . . When the assessment indicates that . . . the offender is likely to remain crime free and to comply with all other conditions without further interventions by the officer, the case should be supervised under . . . low intensity standards."). Indeed, she has thrown herself into community work, has a home to live, and has had no new reported arrests or violations. In short, the goals of supervision have been met and there is little to be gained by having Ms. Bills remain on supervision for the sole purpose of having her submit monthly reports

Case 1:09-cr-00507-KMW   Document 354   Filed 07/11/23   Page 5 of 6
Case 1:09-cr-00507-KMW   Document 353   Filed 07/07/23   Page 5 of 6

Page 5

online. *See United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life.").

Considering Ms. Bills' age, her demonstrated remorse, that she has spent nearly four years on supervised release without issue, that she is being supervised on the low-intensity caseload, that probation has no objection to early termination, and that she is no longer in need of the resources that probation can provide, early termination of supervised release is justified under 18 U.S.C. § 3583(e) and in the interests of justice. *See United States v. Cummings*, 2017 WL 946349, at *1 (S.D.N.Y. Mar. 7, 2017) ("The defendant has completed approximately three-and-a-half years of his five year term of supervised release. The defendant has been on 'low-intensity' supervision for more than a year. It is undisputed that the defendant has complied with all of the conditions of his supervised release. The defendant is fully employed. The defendant's probation officer and the Government do not oppose the motion. A continued period of supervision is unnecessary for deterrence, protection of the public or to reflect the seriousness of the offense for which the defendant has already completed a substantial prison term and [more than] half the period of supervised release. Under all of the circumstances, a termination of supervised release is warranted by the conduct of the defendant and the interest of justice.").

**IV.   Conclusion**

For all of the reasons stated herein, including Ms. Bills' exceptionally good behavior while on supervision, Ms. Bills respectfully asks the Court to terminate the remaining term of her supervised release.

Should the Court deny the motion, Ms. Bills asks the Court to grant her permission to travel to Rome, Italy in September 2023 to attend her church-sponsored trip to the Vatican.

Case 1:09-cr-00507-KMW   Document 354   Filed 07/11/23   Page 6 of 6
Case 1:09-cr-00507-KMW   Document 353   Filed 07/07/23   Page 6 of 6

Page 6

Respectfully Submitted,

/s/

Kristoff I. Williams
Assistant Federal Defender
Federal Defenders of New York
(212) 417-8791

Cc: Brittany Valentine (Probation): Britanny_Valentine@nysp.uscourts.gov

The Court terminates supervised release.
The court congratulates Ms. Bills for her
community work while on supervised release.

**SO ORDERED:** N.Y., N.Y. 7/11/23

*Kimba M. Wood*

**KIMBA M. WOOD**
**U.S.D.J.**